IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELANIE ALFORD, § <br> 3714 LISA DRIVE § <br> ROWLETT, TEXAS 75088 § <br>     PLAINTIFF, § <br> § <br> VS. § <br> § <br> § <br> WONDERLAND MONTESSORI § <br> ACADEMY, LLC § <br> 8600 RIVIERA CT. § <br> FLOWER MOUND, TEXAS 75022 § <br>     DEFENDANT. § | CIVIL ACTION NUMBER: |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**Introduction**

This is a Civil Action seeking money damages, declaratory and other legal and equitable relief to redress violations of Plaintiff's rights under the laws of the United States. Plaintiff has been denied her rights to be free from discrimination, retaliation, and equal protection of law guaranteed under the laws of the United States because of the acts and omissions of the Defendant and the Defendant's failure to fulfill its statutory duties to protect the rights of the Plaintiff. Plaintiff has also been denied certain rights granted to her under the laws of the State of Texas.

A.     JURISDICTION AND VENUE

1. Jurisdiction over this action exists by virtue of 28 U.S.C. §§ 1331, *et seq.* in that federal questions of law are presented. Specifically, this District Court is granted jurisdiction in 42 U.S.C. § 2000e-5(f)(3) over the Plaintiff's causes of action under the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Section 1981) and Title VII of the Civil Rights Act of 1964, *as amended* 42 U.S.C. § 2000e, *et seq.*(Title VII), both of which amended by the Civil Rights Act of 1991(CRA), which Acts purposes are to secure those within the United States freedom from unlawful discrimination and retaliation in employment. Additionally, this District Court is granted jurisdiction under 42 U.S.C. § 12101 *et seq.* of the Americans with Disabilities Act ("ADA"); the statute's purpose is to secure employees within the United States freedom from unlawful discrimination in employment. Further, pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over the Plaintiff's various Texas state law claims under Tex. Labor Code Ann §§ 21.001-21.306 (Vernon 2006) as these claims are related to the Plaintiff's federal law claims and form part of the same case or controversy.

2. Venue is appropriate in the United States District Court of the Northern District of Texas pursuant to 42 U.S.C. § 2000e-5(f)(3).

## II.   PARTIES

3. Melanie Alford (Ms. Alford) is a white female resident of Dallas County, Texas.

4. Wonderland Montessori Academy, LLC (Wonderland) is an early education facility headquartered in Carrollton, Texas and has several other locations primarily throughout northern Texas.

5. At all times herein, Wonderland was Ms. Alford's employer and employed more than 50 employees.

6. Wonderland's owner and registered agent for service of process is Sanjay Joshi of 8600 Riviera Ct., Flower Mound, Texas 75022.

### III. FACTUAL ALLEGATIONS

7. Wonderland hired Ms. Alford on April 4, 2014 as a certified lead teacher at the McKinney, Texas facility. Her classrooms consisted of children between the ages of three and six years old.

8. Ms. Alford's classrooms were successfully run and always had a waiting list. Because of her success, Ms. Alford received a promotion to Curriculum Coordinator effective June 1, 2016. As the curriculum coordinator, Ms. Alford went to the various other Wonderland campuses to train teachers to model her successful methods.

9. While at Wonderland's Valley Ranch location, Sonia Kholi, a South Asian teacher, assaulted, severely ridiculed and verbally abused Ms. Alford about her Attention Deficit Hyperactivity Disorder (ADHD). Ms. Kholi's behavior included slamming desks throwing things at Ms. Alford. Ms. Alford's incurable ADHD limited her ability to concentrate and work quickly. Further, as a result of ADHD, Ms. Alford needed breaks to, among other things, mentally, physically and emotionally decompress, take medication, make doctors' visits and be relieved from sitting for extended periods of time during meetings and conferences. Ms. Alford met with Wonderland's Director of Human Resources, Supreet Kaur (of South Asian descent), notified Kaur of the attendant problems surrounding her disability and requested an accommodation.

10.     After being dissatisfied with Wonderland's response to her request, Ms. Alford initiated procedures with the EEOC. Shortly thereafter the matter was resolved to Ms. Alford's satisfaction and she was returned to the position of Lead Teacher at the Carrollton facility under the supervision of Lisa Welch. Aware of Ms. Alford's ADHD, Ms. Welch implemented appropriate accommodations for Ms. Alford's disability.

11.     For the year 2017-2018, Ms. Alford received the Classroom of the Year Award from Wonderland.

12.     On July 15, 2019, Kathy Jiwani, (of South Asian descent), became the new head of the Wonderland Carrollton location. At that time, Ms. Jiwani was aware of Ms. Alford's ADHD diagnosis and accommodations to certain Wonderland practices and procedures. Wonderland had a record of Ms. Alford's ADHD and needed prescriptions. Nonetheless, Ms. Jiwani expressed disdain at Ms. Alford's ADHD and simply refused to believe it had any bearing at all at Ms. Alford's perceived or real classroom difficulties or inability to perform strictly or quickly to Ms. Jiwani's expectations.  Ms. Jiwani claimed that because of Ms. Alford's alleged failure to adequately perform and adhere to Montessori teaching standards, she needed to be enrolled in a certification course to "assist in her development".  In fact, the course was merely part of an additional accreditation Wonderland was sponsoring and sixteen *other* Wonderland teachers were also enrolled in the same course.  Ms. Jiwani also made a habit of speaking in her native language during meetings, fully aware that non-South Asian employees were unable to understand her.

13.     Sometime thereafter, Ms. Jiwani complained about Ms. Alford's performance and shared her ADHD diagnosis with other employees. Ms. Jiwani also

informed another corporate officer that she only wanted South Asian employees at the Carrollton location. After learning this, Ms. Alford reported Ms. Jiwani's actions to Wonderland's HR Generalist, Pavithra Rajendron (of South Asian descent). Subsequently, in October of 2019, Ms. Alford received a negative performance review.

14. In March 2020, due to the Covid-19 pandemic, Wonderland furloughed its staff at its other locations *except* for the Carrollton campus. Though she was at the Carrollton campus, Ms. Alford was also furloughed based on a claim of poor performance. Approximately a week later, Ms. Jiwani began furloughing the remaining non-South Asian employees to accomplish her discriminatory objective.

15. Thereafter, Ms. Alford began receiving calls from co-workers and children's parents that Ms. Jiwani was telling them that she only wanted South Asians at the Carrollton facility and that Ms. Alford would not be returning to Wonderland Carrollton after the furlough lifted.

16. Sometime in June 2020, Ms. Alford contacted Wonderland and once again advised them about Ms. Jiwani's actions. Ms. Jiwani remained the Head of Wonderland's Carrollton; however, Ms. Blackwell, the Director of Wonderland's Community Relations at Carrollton was somehow elevated to Executive Director of Wonderland and the indirect supervisor of Ms. Jiwani.

17. Ms. Alford requested her job back at the Carrollton location so that her routine would not be upended, and her ADHD further exacerbated by a drastic environment change. In response, Wonderland (ostensibly based on Ms. Blackwell's recommendation) offered to transfer Ms. Alford to the Valley Ranch location where previously she had been abused by Ms. Kholi.

18. Wonderland's offer of transfer constructively terminated Ms. Alford from her position and Wonderland's HR Generalist Pavithra Rajendran permanently terminated Ms. Alford on August 27, 2020. She was replaced by an uncertified lead teacher Mili Maksuda Murshed of South Asian descent.

19. On December 1, 2020, Plaintiff filed charges of racial, national origin and disability discrimination with the Equal Employment Opportunity Commission (EEOC).

20. Plaintiff received her Notice of Suit Rights letter from the EEOC on December 1, 2022.

### IV.   CLAIM OF RACIAL DISCRIMINATION UNDER TITLE VII

For her cause of action, Plaintiff alleges as follows:

21. Plaintiff realleges paragraphs 1 through 20 as though fully rewritten.

22. Plaintiff is a white person who belongs to a protected class of persons under Title VII.

23. Plaintiff was qualified in her position as a teacher while employed by Defendant.

24. Plaintiff was intentionally subjected to adverse employment actions, terms and conditions, including a hostile work environment and termination based on her status as a non-South Asian citizen.

25. The Defendant's employee Kathy Jiwani's comments are direct evidence of discriminatory animus.

26. The Defendant's reasons for terminating Plaintiff are and were pretextual.

27. As such, the Defendants' different treatment of Plaintiff as set forth above constitutes discrimination on the basis of race and national origin in violation of Title VII, Section 1981, and the Texas Labor Code.

28. As a direct and proximate result of the Defendants' intentional and racially discriminatory acts and/or omissions as described above, Plaintiff has suffered damages in an amount within the jurisdictional limits of the Court, not less than $100,000.00, for pain, suffering, mental anguish, and any and all compensatory damages made and provided for by law.  Because the Defendants' conduct was illegal, pursuant to the Court's equitable powers, Plaintiff is entitled to all equitable relief including but not limited to lost retirement benefits, back pay and front pay.  Further, these intentional acts and/or omissions were done with malice or reckless disregard for Plaintiff's federally protected rights and Plaintiff is entitled to exemplary damages.

29. All conditions precedent to the filing of this action for this claim of national origin/race-based discrimination have been met.

### V.    CLAIM OF RACIAL DISCRIMINATION UNDER SECTION 1981

For her cause of action, Plaintiff alleges as follows:

30. Plaintiff realleges paragraphs 1 through 29 as though fully rewritten.

31. Plaintiff is a white person who belongs to a protected class of persons under Title VII and Section 1981 by virtue of her national origin/race.

32. Plaintiff was qualified in her position as teacher while employed by Defendant.

33. Because Plaintiff was a non-South Asian, she was intentionally subjected to adverse employment actions, terms and conditions, including a hostile work environment and termination.

34. The Defendant's comments via its employee Ms. Jiwani are direct evidence of discriminatory animus.

35. The Defendant's reasons for terminating Plaintiff are and were pretextual.

36. Due to Plaintiff's non-South Asian national origin/race, the Defendant was prohibited from making, performing, modifying and terminating her contract of employment with it and Plaintiff was prohibited from enjoying all the benefits, privileges, terms and conditions of that relationship.

37. As such, the Defendants' different treatment of Plaintiff as set forth above constitutes discrimination on the basis of race in violation of Title VII, Section 1981, and the Texas Labor Code.

38. As a direct and proximate result of the Defendant's intentional and racially discriminatory acts and/or omissions as described above, Plaintiff has suffered damages in an amount within the jurisdictional limits of the Court, not less than $100,000.00, for pain, suffering, mental anguish, and any and all compensatory damages made and provided for by law.  Because the Defendant's conduct was illegal, pursuant to the Court's equitable powers, Plaintiff is entitled to all equitable relief including but not limited to lost retirement benefits, back pay and front pay.  Further, these intentional acts and/or omissions were done with malice or reckless disregard for Plaintiff's federally protected rights and Plaintiff is entitled to exemplary damages.

39. All conditions precedent to the filing of this action for this claim of national origin/race-based discrimination have been met.

## VI. CLAIM OF DISCRIMINATION UNDER ADA

For her cause of action, Plaintiff alleges as follows:

40. Plaintiff realleges paragraphs 1 through 39 as though fully rewritten.

41 Plaintiff belongs to a protected class of persons under the ADA by virtue of a being diagnosed with and suffering from Attention Deficit Hyperactivity Disorder (ADHD) that substantially limits her major life activities of concentrating, thinking, communicating and interacting with others.

42. Plaintiff could perform the essential functions of a teacher with the reasonable accommodation of working under reasonable accommodations.

43. The Defendant was unwilling and failed to engage in a good faith interactive process to reasonably accommodate Plaintiff by ignoring her request to remain free from the retaliatory actions and ridicule of her supervisor.

44. The Defendant's decision to transfer Plaintiffs to a location where there was documented assault, ridicule and abuse based on her ADHD was calculated to force her to quit and resulted in Plaintiff's subsequent constructive discharge. The Defendant's decision was solely based on Plaintiff's disability.

45. The Defendant treated Plaintiff less favorably than other non-disabled employees.

46. As such, the Defendant's different treatment of Plaintiff as set forth above constitutes discrimination on the basis of her disability in violation of the ADA.

47. As a direct and proximate result of Defendant's intentional and unlawful discriminatory acts and/or omissions as described above, Plaintiff has suffered damages in an amount within the jurisdictional limits of the Court, not less than $100,000.00, for pain, suffering, mental anguish, and any and all compensatory damages made and provided for by law. Because the Defendant's conduct was illegal, pursuant to the Court's equitable powers, Plaintiff is entitled to all equitable relief including but not limited to lost retirement benefits, back pay and front pay. Further, these intentional acts and/or omissions were done with malice or reckless disregard for Plaintiff's federally protected rights and Plaintiff is entitled to exemplary damages.

48. All conditions precedent to the filing of this action for discrimination have been met.

### VII. CLAIM OF RETALIATION

For her cause of action, Plaintiff alleges as follows:

49. Plaintiff realleges paragraphs 1 through 48 as though fully rewritten.

50. Plaintiff engaged in protected activity in reporting discrimination by Defendant's employee and supervisor Ms. Jiwani to its Human Resources Generalist shortly before her performance review.

51. The Defendant's actions set forth above including, but not limited to, giving her a negative performance review in October 1919, furloughing her in April 2020 and then terminating her employment in August 2020 were adverse and pretextual.

52. A causal connection existed between Plaintiff's protected activity and the Defendant's adverse action.

53. The Defendant's action constituted retaliation in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-2 and 2000e-2(l) and Tex. Labor Code Ann §§ 21.001-21.306 (Vernon 2006).

54. As a direct and proximate result of the Defendant's intentional and racially discriminatory acts and/or omissions as described above, Plaintiff has suffered damages in an amount within the jurisdictional limits of the Court, not less than $100,000.00, for pain, suffering, mental anguish, and any and all compensatory damages made and provided for by law. Because the Defendant's conduct was illegal, pursuant to the Court's equitable powers, Plaintiff is entitled to all equitable relief including but not limited to lost retirement benefits, back pay and front pay. Further, these intentional acts and/or omissions were done with malice or reckless disregard for Plaintiff's federally protected rights and Plaintiff is entitled to exemplary damages.

## VIII. JURY TRIAL DEMANDED

55. Plaintiff demands a trial by jury.

## IX. PRAYER FOR DAMAGES

**WHEREFORE,** having asserted the within cause of action, Plaintiff prays judgment against the Defendant for the following:

56. Back and front pay as allowed by law; retroactive seniority, benefits, actual damages, compensatory damages, reinstatement, promotion, transfer, pay and any other relief necessary to compensate her on account of the violations described herein;

57. Past and future pecuniary losses, compensatory damages, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses;

58. Exemplary damages, pre and post judgment interest if applicable;

59. Court costs;

60. Attorney fees;

61. Such other and further relief to which Plaintiff may be entitled as this Court deems just and proper.

Respectfully submitted,

/s/ Lurlia A. Oglesby
Lurlia A. Oglesby
(Ohio State Bar Number 22572)
Oglesby & Oglesby
618 W. Washington
Sandusky, Ohio
Phone: (419) 625-9500
Fax: (419) 625-9200
lawoffice@rboglesby.com
**ATTORNEY FOR PLAINTIFF**